**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:
Clifton Enoch, III and Crystal Enoch

Case No.: _____16-20794_____

Judge: _____ABA_____

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original          ☒ Modified/Notice Required          Date: __12/20/18_____

☐ Motions Included          ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

---

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

---

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ____REN____          Initial Debtor: ____CE____          Initial Co-Debtor: ____CE____

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____362.00_____ per _____month_____ to the Chapter 13 Trustee, starting on

_____January 1, 2019_____ for approximately _____29 of 60_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

☒   Future earnings

☐   Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

☐  Sale of real property

Description:

Proposed date for completion: _____

☐  Refinance of real property:

Description:
Proposed date for completion: _____

☐  Loan modification with respect to mortgage encumbering property:

Description:
Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

## Part 2:    Adequate Protection ☒ NONE

      a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3:    Priority Claims (Including Administrative Expenses)

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $3,200.00 |
| RONALD E. NORMAN,ESQ. | ADMINISTRATIVE-SUPPL. FEES | $3,407.48 (paid) |
| Marilyn Brown-DSO | PRIORITY | Notice Only |
| Barbara Ivery-DSO | PRIORITY | Notice Only |
| KML Law Group, P.C. | ADMINISTRATIVE-ATTORNEY FEES | $531.00 |
| KML Law Group, P.C. | ADMINISTRATIVE-ATTORNEY FEES | $200.00 (per Order Curing Post-Petition Arrears) |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

## Part 4:    Secured Claims

**a.  Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Midland Mortgage/Midfirst Midfirst Bank | 210 Laurel Pl. Clementon, NJ | $36,458.46 $20,672.25 (per court order) | | $0.00 to be paid due to approved and completed loan modification | $1,651.45 |
| Midland Mortgage/Midfirst | 210 Laurel Pl. Clementon, NJ | $6,554.81 (post-petition) | 0 | $6,554.81 (per court order) | $1,651.45 |
| Ebury Street Capital, LLC | 210 Laurel Pl. Clementon, NJ | $372.64 | | $372.64 (pd) | |
| CCMUA GTMUA | 210 Laurel Pl. Clementon, NJ | $2,894.87 $147.25 | 18% 18% | $4,451.20 (paid) $224.00 (paid) | |

**b.  Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**c.  Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**   ☒ **NONE**

1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e.  Surrender**   ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Nissan Motor Acceptance | 2005 Nissan Quest | $3,284.00 | $20,701.00 |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Chase Auto (2003 Ram Pickup), Richardson Imports (2010 Toyota Camry), Philadelphia, Co DRS

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:    Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7:    Motions  ☒ NONE

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form,** *Notice of Chapter 13 Plan Transmittal***, within the time and in the manner set forth in D.N.J. LBR 3015-1. A** *Certification of Service,* *Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

### a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  ☒ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.  ☒ NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b.  Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Ronald E. Norman, Esquire

3) Secured creditor

4) Unsecured Creditors

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

---

## Part 9:    Modification  ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _9/16/18_____ .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Modified plan to add post-petition mortgage arrears per Court Order. | Added post-petition arrears totaling $6,554.81 to plan under Section 4(a) of plan. |

Are Schedules I and J being filed simultaneously with this Modified Plan?        ☐   Yes        ☒   No

---

## Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.


Date: 12-20-18                                           /s/ Clifton Enoch, III
                                                        Debtor


Date: 12-20-18                                           /s/ Crystal Enoch
                                                        Joint Debtor


Date: 12-20-18                                           /s/ Ronald E. Norman
                                                        Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                              Case No. 16-20794-ABA
Clifton Enoch, III                                                  Chapter 13
Crystal B. Enoch
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin          Page 1 of 2          Date Rcvd: Jan 09, 2019
                             Form ID: pdf901       Total Noticed: 45


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 11, 2019.
```
db/jdb          Clifton Enoch, III,   Crystal B. Enoch,   210 Laurel Pl,   Clementon, NJ  08021-5810
516214952      +AR Resources Inc,   1777 Sentry Pkwy W,   Blue Bell, PA 19422-2206
516214951       American Education Services,   PO Box 2461,   Harrisburg, PA  17105-2461
516214955       Bureau of Account Mana,   3607 Rosemont Ave Ste 502,   Camp Hill, PA  17011-6943
516214957       CCMUA,   1630 Ferry Ave,   Camden, NJ  08104-1312
516214960       COMCAST,   4120 International Pkwy,   Carrollton, TX  75007-1957
516214958       Chase Auto,   PO Box 901003,   Columbus, OH  43224
516214962       Cooper University Health Care,   PO Box 2090,   Morrisville, NC  27560-2090
516235335       ECMC,   PO BOX 16408,   St Paul, MN 55116-0408
516214964       Financial Recoveries,   200 E Park Dr Ste 100,   Mount Laurel, NJ  08054-1297
516214965       GTMUA,   1261 Chews Landing Clementon Rd,   Blackwood, NJ  08012
516392368      +Gloucester Township Municipal Utilities Auth.,   Leonard J. Wood, Esquire,
                 1250 Chews Landing Road,   Laurel Springs, NJ 08021-2816
516214966       Hsbc Bank Nevada,   PO Box 27788,   Tempe, AZ  85285-7788
516379773       JPMorgan Chase Bank, N.A.,   National Bankruptcy Dept,   P O Box 901032,
                 Ft Worth  TX  76101-2032
516214967       Kennedy Health,   200 E Park Dr Ste 100,   Mount Laurel, NJ  08054-1297
516214969       MED1 02 Rowan Som Osteopathic Scienc,   916 S 14th St,   Harrisburg, PA  17104-3425
516214968       Marilyn Brown,   5238 Cedar Ave,   Philadelphia, PA  19143-1525
516368101      +MidFirst Bank,   999 NorthWest Grand Boulevard,   Oklahoma City, OK 73118-6051
516214970       Midland Mortgage Company/Mid First Bank,   Attention: Bankruptcy,   PO Box 26648,
                 Oklahoma City, OK  73126-0648
516214971       Midland Mtg/Midfirst,   999 NW Grand Blvd,   Oklahoma City, OK  73118-6051
516214974       Nissan Motor Acceptanc,   PO Box 660360,   Dallas, TX  75266-0360
516214975      #Penn Credit,   916 S 14th St,   Harrisburg, PA  17104-3425
516214976      +Philadelphia Co Drs,   34 S 11th St Rm 304,   Philadelphia, PA 19107-3623
516214979       ProCo,   PO Box 2462,   Aston, PA  19014-0462
516214980       Rancocas Anesthesiology,   PO Box 4640,   Rutherford, NJ  07070-0464
516214981       Richardson Imports,   4700 Route 42,   Turnersville, NJ  08012-1707
516214982      +Rickart Collection Systems, Inc.,   575 Milltown Rd,   North Brunswick, NJ 08902-3336
516214983       SB1 Federal Credit Union,   1777 Sentry Pkwy W,   Blue Bell, PA  19422-2207
516214984       Select Medical Corp,   3607 Rosemont Ave Ste 502,   Camp Hill, PA  17011-6943
516214985      +South Jersey Gas,   1 S Jersey Plz,   Hammonton, NJ 08037-9100
516241121      +US Dept. of Housing and Urban Development,   451 7th Street, SW,   Washington, DC 20410-0002
516214987       World Financial Network Bank,   287 Independence Blvd,   Virginia Beach, VA  23462-2962
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jan 09 2019 23:38:17      U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,   Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 09 2019 23:38:10      United States Trustee,
                 Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
516214953       E-mail/Text: bankruptcy@pepcoholdings.com Jan 09 2019 23:37:44      Atlantic City Electric,
                 5 Collins Dr Ste 2133,   Carneys Point, NJ  08069-3600
516214956       E-mail/Text: bankruptcy@cavps.com Jan 09 2019 23:38:33      Cavalry Portfolio Serv,
                 PO Box 27288,   Tempe, AZ  85285-7288
516249108      +E-mail/Text: bankruptcy@cavps.com Jan 09 2019 23:38:33      Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,   Valhalla, NY 10595-2321
516214959      +E-mail/Text: bk.notifications@jpmchase.com Jan 09 2019 23:38:00      Chase Auto Finance,
                 201 N Central Ave,   Phoenix, AZ 85004-1071
516214961      +E-mail/Text: ned-collections_bankruptcydocuments@comcast.com Jan 09 2019 23:38:46      Comcast,
                 1701 John F Kennedy Blvd,   Philadelphia, PA 19103-2899
516214963       E-mail/Text: servicing@eburycap.com Jan 09 2019 23:37:14      Ebury Street Capital, LLC,
                 41 Purdy Ave Unit 281,   Rye, NY  10580-7522
516214972       E-mail/PDF: pa_dc_claims@navient.com Jan 09 2019 23:44:14      Navient,   PO Box 9655,
                 Wilkes Barre, PA  18773-9655
516214973       E-mail/PDF: pa_dc_claims@navient.com Jan 09 2019 23:43:50      Navient,   Attn: Claims Dept,
                 PO Box 9500,   Wilkes Barre, PA  18773-9500
516292561       E-mail/PDF: pa_dc_claims@navient.com Jan 09 2019 23:44:14      Navient Solutions, Inc.,
                 P.O. Box 9640,   Wilkes-Barre, PA 18773-9640
516214978       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 09 2019 23:44:10
                 Portfolio Recovery Associates, LLC,   PO Box 12914,   Norfolk, VA  23541-0914
516214986      +E-mail/Text: bankruptcy@sw-credit.com Jan 09 2019 23:38:18      Southwest Credit Syste,
                 4120 International Pkwy,   Carrollton, TX 75007-1958
```
                                                                                    TOTAL: 13


        ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

```
District/off: 0312-1          User: admin              Page 2 of 2           Date Rcvd: Jan 09, 2019
                             Form ID: pdf901           Total Noticed: 45

516214954     ##Barbara Ivery,   6935 Rodney St,   Philadelphia, PA  19138-1920
516214977     ##Portfolio Recovery Ass,   287 Independence Blvd,   Virginia Beach, VA  23462-2962
                                                                          TOTALS: 0, * 0, ## 2
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 11, 2019                                Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 9, 2019 at the address(es) listed below:
          Denise E. Carlon    on behalf of Creditor   MidFirst Bank dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
           summarymail@standingtrustee.com
          Isabel C. Balboa    ecfmail@standingtrustee.com,  summarymail@standingtrustee.com
          Rebecca Ann Solarz    on behalf of Creditor   MidFirst Bank rsolarz@kmllawgroup.com
          Ronald E. Norman    on behalf of Joint Debtor Crystal B. Enoch ronaldenorman@comcast.net,
           dgordon@rnormanlaw.com;g14985@notify.cincompass.com;ronaldenorman@icloud.com
          Ronald E. Norman    on behalf of Debtor Clifton  Enoch, III ronaldenorman@comcast.net,
           dgordon@rnormanlaw.com;g14985@notify.cincompass.com;ronaldenorman@icloud.com
                                                                          TOTAL: 6
```